FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Mar 31, 2025

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

ERNESTO M.,

    Plaintiff,

v.

LELAND DUDEK, ACTING COMMISSIONER OF SOCIAL SECURITY,[1]

    Defendant.

No. 1:23-CV-3161-JAG

ORDER GRANTING PLAINTIFF'S MOTION TO REVERSE THE DECISION OF THE COMMISSIONER

    **BEFORE THE COURT** are Plaintiff's Opening Brief and the Commissioner's Brief in response. ECF Nos. 10, 14. Attorney D. James Tree represents Ernesto M. (Plaintiff); Special Assistant United States Thomas E. Chandler represents the Commissioner of Social Security (Defendant). The parties have consented to proceed before the undersigned by operation of Local Magistrate Judge Rule (LMJR) 2(b)(2), as no party returned a Declination of Consent Form to the Clerk's Office by the established deadline. ECF No. 4.

    After reviewing the administrative record and the briefs filed by the parties, the Court **GRANTS** Plaintiff's motion to reverse the decision of the

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Leland Dudek, Acting Commissioner of Social Security, is substituted as the named Defendant.

ORDER GRANTING PLAINTIFF'S MOTION . . . 1

Commissioner, **DENIES** Defendant's motion to affirm, and **REMANDS** the matter for further proceedings under sentence four of 42 U.S.C. § 405(g).

## I.    JURISDICTION

Plaintiff filed an application for benefits on November 23, 2018, alleging disability since August 1, 2013.  The application was denied initially and upon reconsideration.  Administrative Law Judge (ALJ) Chris Stuber held a hearing on August 18, 2020, and issued an unfavorable decision on September 23, 2020.  This Court subsequently remanded the matter on January 14, 2022.  ALJ C. Howard Prinsloo held a second hearing on March 7, 2023, and issued an unfavorable decision on March 21, 2023.  Tr. 399-412.  The Appeals Council declined jurisdiction on August 18, 2023.  Tr. 388-95.  Plaintiff appealed this final decision of the Commissioner on October 17, 2023.  ECF No. 1.

## II.    STANDARD OF REVIEW

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities.  *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995).  The ALJ's determinations of law are reviewed *de novo*, with deference to a reasonable interpretation of the applicable statutes.  *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000).  The decision of the ALJ may be reversed only if it is not supported by substantial evidence or if it is based on legal error.  *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999).  Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance.  *Id*. at 1098.  Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)).

If the evidence is susceptible to more than one rational interpretation, the Court may not substitute its judgment for that of the ALJ.  *Tackett*, 180 F.3d at

1098; *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999). If substantial evidence supports the administrative findings, or if conflicting evidence supports a finding of either disability or non-disability, the ALJ's determination is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987). Nevertheless, a decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Sec'y of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988).

## III.  SEQUENTIAL EVALUATION PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520(a), 416.920(a); *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987). At steps one through four, the claimant bears the burden of establishing a prima facie case of disability. *Tackett*, 180 F.3d at 1098-99. This burden is met once a claimant establishes that a physical or mental impairment prevents the claimant from engaging in past relevant work. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). If a claimant cannot perform past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show (1) the claimant can make an adjustment to other work and (2) the claimant can perform other work that exists in significant numbers in the national economy. *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012). If a claimant cannot make an adjustment to other work in the national economy, the claimant will be found disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

## IV.  ADMINISTRATIVE FINDINGS

On March 21, 2023, the ALJ issued a decision finding Plaintiff was not disabled as defined in the Social Security Act. Tr. 399-412.

At **step one**, the ALJ found Plaintiff had not engaged in substantial gainful activity since November 23, 2018, the application date. Tr. 401.

At *step two*, the ALJ determined Plaintiff had the following severe impairments: thoracic compression fracture, bipolar disorder, and post-traumatic stress disorder. Tr. 401.

At *step three*, the ALJ found these impairments did not meet or equal the requirements of a listed impairment. Tr. 402.

The ALJ assessed Plaintiff's Residual Functional Capacity (RFC) and determined Plaintiff could perform medium work subject to the following additional limitations:

> [H]e is able to lift and/or carry 50 pounds occasionally and 25 pounds frequently. He can stand and/or walk for about 6 hours in an 8-hour workday and can sit for about 6 hours. He can have only occasional exposure to extreme cold and excessive vibrations. He is able to understand, remember, and carry out simple, routine instructions with only brief and superficial interaction with the public and only occasional interaction with coworkers.

Tr. 403.

At *step four*, the ALJ found Plaintiff had no past relevant work. Tr. 410.

At *step five*, the ALJ found there are jobs that exist in significant numbers in the national economy that the claimant could perform. Tr. 410-11.

The ALJ thus concluded Plaintiff was not disabled since the application date. Tr. 411.

## V.    ISSUES

The question presented is whether substantial evidence supports the ALJ's decision denying benefits and, if so, whether that decision is based on proper legal standards.

Plaintiff raises the following issues for review: (A) whether the ALJ improperly evaluated the medical opinion evidence; (B) whether the ALJ erred by discounting Plaintiff's testimony; and (C) whether the ALJ erred at step three. ECF No. 10 at 2.

## VI.    DISCUSSION

A.    <u>Medical Evidence.</u>

Under regulations applicable to this case, the ALJ is required to articulate the persuasiveness of each medical opinion, specifically with respect to whether the opinions are supported and consistent with the record.  20 C.F.R. § 416.920c(a)-(c).  An ALJ's consistency and supportability findings must be supported by substantial evidence.  *See Woods v. Kijakazi*, 32 F.4th 785, 792 (9th Cir. 2022).

Plaintiff argues the ALJ misevaluated five sets of medical opinions.  ECF No. 10 at 12-21.  The Court discusses the ALJ's treatment of each in turn.

1.    <u>*Tasmyn Bowes, Psy.D., and Renee Eisenhauer, Ph.D.*</u>

Dr. Bowes examined Plaintiff on October 26, 2018, conducting a clinical interview and performing a mental status examination.  Tr. 230-35.  Dr. Bowes assessed the severity of Plaintiff's mental impairments as "marked" and opined, among other things, that Plaintiff was markedly limited in performing activities within a schedule, maintaining regular attendance, and being punctual within customary tolerances without special supervision, communicating and performing effectively in a work setting, maintaining appropriate behavior in a work setting, and completing a normal work day and workweek without interruptions from psychologically based symptoms.  Tr. 233.  On review, Dr. Eisenhauer concurred with these opined limitations.  Tr. 310.  The ALJ found both opinions not persuasive.  Tr. 409.

The ALJ first discounted the opinions as inconsistent with Plaintiff's "normal findings" on both the examination performed by Dr. Bowes and other mental status examinations in the record.  Tr. 409.  In support, the ALJ noted Plaintiff "was cooperative with normal thoughts and had memory, fund of knowledge, concentration, abstract thought, insight, and judgment all within

normal limits." Tr. 409. However, these are not reasonable inconsistencies. Plaintiff's performance during clinical interviews – conducted in a close and sterile setting with psychiatric professionals – is not reasonably inconsistent with the doctors' opined limitations concerning, among other things, Plaintiff's ability to maintain regular attendance and complete a normal workday/workweek without interruption from psychologically-based symptoms. The ALJ thus erred by discounting the opinions on this ground.

The ALJ also discounted the opinions as "inconsistent with the treatment notes form a few months before this evaluation and form the month after showing that the claimant's symptoms were largely stable with medication and indicating that he was actively looking for jobs." Tr. 409. However, consistent with the waxing-and-waning nature of mental impairments, the record includes evidence of Plaintiff's psychiatric hospitalizations and self-harm. *See, e.g.*, Tr. 230, 257, 271, 294. This reasoning accordingly runs afoul of Ninth Circuit precedent. *See Garrison v. Colvin*, 759 F.3d 995, 1017 (9th Cir. 2014) ("Cycles of improvement and debilitating symptoms are a common occurrence, and in such circumstances it is error for an ALJ to pick out a few isolated instances of improvement over a period of months or years and to treat them as a basis for concluding a claimant is capable of working. Reports of 'improvement' in the context of mental health issues must be interpreted with an understanding of the patient's overall well-being and the nature of her symptoms. They must also be interpreted with an awareness that improved functioning while being treated and while limiting environmental stressors does not always mean that a claimant can function effectively in a workplace.") (cleaned up); *Holohan v. Massanari*, 246 F.3d 1195, 1205 (9th Cir. 2001) ("That a person who suffers from severe panic attacks, anxiety, and depression makes some improvement does not mean that the person's impairments

no longer seriously affect her ability to function in a workplace."). The ALJ thus erred by discounting the opinion on this ground.

The ALJ accordingly erred by discounting these opinions.

### 2. *Patrick Metoyer, Ph.D.*

Dr. Bowes Metoyer examined Plaintiff on July 28, 2019, conducting a clinical interview and performing a mental status examination. Tr. 293-97. Among other things, Dr. Metoyer opined Plaintiff was moderately limited in maintaining regular attendance in the workplace and completing a normal workday and workweek without interruption from psychologically based symptoms, and markedly limited in dealing with the "usual stress encountered in the workplace" if "it involves persistent activity, complex tasks, task pressure, [and] interacting with other individuals." Tr. 297. The ALJ found Dr. Metoyer's opinion not persuasive. Tr. 408.

The ALJ discounted Dr. Metoyer's opinion on grounds wholly similar in substance to those used to discount the opinions of Dr. Bowes and Dr. Eisenhauer. Tr. 408. For the reasons discussed above, the ALJ necessarily erred by discounting Dr. Metoyer's opinion.

### 3. *David Morgan, Ph.D.*

Dr. Morgan examined Plaintiff on March 9, 2022, conducting a clinical interview and performing a mental status examination. Tr. 658-60. Among other things, Dr. Morgan opined Plaintiff was markedly limited in performing activities within a schedule, maintaining regular attendance, and being punctual within customary tolerances without special supervision, adapting to changes in a routine work setting, and completing a normal workday and workweek without interruption from psychologically based symptoms. Tr. 660. The ALJ found Dr. Morgan's opinion not persuasive. Tr. 409.

ORDER GRANTING PLAINTIFF'S MOTION . . . 7

The ALJ discounted Dr. Morgan's opinion on grounds wholly similar in substance to those used to discount the opinions of Dr. Bowes and Dr. Eisenhauer. Tr. 409. For the reasons discussed above, the ALJ necessarily erred by discounting Dr. Morgan's opinion.

### 4. *Rita Flanagan, Ph.D. and Steven Haney, M.D.*

The ALJ found agency sources opinion persuasive. Tr. 408. Although the ALJ was not required to provide reasons in support of incorporating medical opinions into the residual functional capacity determination, *see Turner v. Comm'r of Soc. Sec. Admin.*, 613 F.3d 1217, 1223 (9th Cir. 2010), because the ALJ erred by discounting the opinions of Dr. Bowes, Dr. Eisenhauer, Dr. Metoyer, and Dr. Morgan, as discussed above, the ALJ must also reassess the opinions of these reviewing physicians anew on remand.

### 5. *George Lupas, D.O. and William Drenguis, M.D.*

Plaintiff contends the ALJ erred by discounting the opinions of Dr. Lupas and Dr. Drenguin, who assessed Plaintiff's physical impairments. ECF No. 10 at 20-21. Because the ALJ on remand must further develop the record, the Court declines to affirm or otherwise address the ALJ's findings with respect to these physicians and instead instructs the ALJ to reassess these opinions on remand.

### B. **Plaintiff's Testimony.**

Plaintiff contends the ALJ erroneously discounted his testimony. ECF No. 10 at 7-13. Where, as here, the ALJ determines a claimant has presented objective medical evidence establishing underlying impairments that could cause the symptoms alleged, and there is no affirmative evidence of malingering, the ALJ can only discount the claimant's testimony as to symptom severity by providing "specific, clear, and convincing" reasons supported by substantial evidence. *Trevizo v. Berryhill*, 871 F.3d 664, 678 (9th Cir. 2017). The Court

concludes the ALJ failed to offer clear and convincing reasons to discount Plaintiff's testimony.

The ALJ first discounted Plaintiff's testimony as inconsistent with the medical evidence, to include Plaintiff's course of, response to, and consistency of treatment. Tr. 404-06. However, because the ALJ erred in evaluating multiple medical opinions, and necessarily failed to properly evaluate the medical evidence, as discussed above, this is not a valid ground to discount Plaintiff's testimony.

The ALJ next discounted Plaintiff's testimony as inconsistent with his activities, noting Plaintiff "was exercising 5 to 6 times a week," Tr. 405; "was doing yoga to be more mindful and to remain physically active," Tr. 406; and "is independent in his self-care," Tr. 407. Plaintiff's activities are neither inconsistent with nor a valid reason to discount his allegations. *See Diedrich v. Berryhill*, 874 F.3d 634, 643 (9th Cir. 2017) ("House chores, cooking simple meals, self-grooming, paying bills, writing checks, and caring for a cat in one's own home, as well as occasional shopping outside the home, are not similar to typical work responsibilities."); *Vertigan v. Halter*, 260 F.3d 1044, 1050 (9th Cir. 2001) ("This court has repeatedly asserted that the mere fact that a plaintiff has carried on certain daily activities, such as grocery shopping, driving a car, or limited walking for exercise, does not in any way detract from her credibility as to her overall disability. One does not need to be 'utterly incapacitated' in order to be disabled.") (quoting *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989), *superseded on other grounds by* 20 C.F.R. § 404.1502(a)); *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998) ("Several courts, including this one, have recognized that disability claimants should not be penalized for attempting to lead normal lives in the face of their limitations."); *Cooper v. Bowen*, 815 F.2d 557, 561 (9th Cir. 1987) (noting that a disability claimant need not "vegetate in a dark room" in order to be deemed eligible for benefits). Similarly, Plaintiff's activities do not "meet the threshold for

transferable work skills." *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007) (citing *Fair*, 885 F.2d at 603). The ALJ accordingly erred by discounting Plaintiff's testimony on this ground.

Finally, the ALJ discounted Plaintiff's testimony as inconsistent with evidence indicating Plaintiff was "seeking out employment" and "sending out resumes." Tr. 407. However, the Ninth Circuit has made clear that "if working for almost nine months is not evidence that a disability benefit recipient is no longer disabled, then a nine week unsuccessful work attempt is surely not a clear and convincing reason for finding that a claimant is not credible regarding the severity of his impairments." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1039 (9th Cir. 2007). Under *Lingenfelter*, the ALJ's finding relies on an unreasonable inconsistency. The ALJ thus erred by discounting Plaintiff's testimony on this ground.

The ALJ accordingly erred by discounting Plaintiff's testimony.

## VII.   CONCLUSION

Because the ALJ misevaluated the medical evidence and Plaintiff's testimony, the ALJ will necessarily need to reassess the step three finding, which was based on the ALJ's assessment of both the medical evidence and Plaintiff's allegations. For this reason, the Court need not reach Plaintiff's remaining assignment of error. *See PDK Labs. Inc. v. DEA*, 362 F.3d 786, 799 (D.C. Cir. 2004) ("[I]f it is not necessary to decide more, it is necessary not to decide more.") (Roberts, J., concurring in part and concurring in the judgment).

On remand, the ALJ shall develop the record; reevaluate the medical opinions discussed herein; reassess Plaintiff's testimony; and reevaluate the steps of the sequential evaluation, as appropriate.

Mindful that Plaintiff first filed his application in 2018 and that this is the second time this Court has remanded this matter, the Court imposes the following time limits on subsequent proceedings: The ALJ must complete further

proceedings within 180 days and, if the ALJ finds Plaintiff not disabled and Plaintiff appeals, the Commissioner's final decision shall be rendered within 90 days of the appeal. *See Butts v. Barnhart*, 416 F.3d 101, 103-06 (2d Cir. 2005) (imposing 120-day limit for proceedings before the ALJ and a 60-day limit for administrative appeal); *Baldree v. Colvin*, 2015 WL 5568611, at *5 (C.D. Cal. Sept. 21, 2015) (collecting cases recognizing the authority to impose time limits); *see also* HALLEX 1-2-1-55.D.2 (articulating agency procedures following a time-limited court remand).

Having reviewed the record and the ALJ's findings, the Commissioner's final decision is **REVERSED** and this case is **REMANDED** for further proceedings under sentence four of 42 U.S.C. § 405(g).

Therefore, **IT IS HEREBY ORDERED:**

1. Plaintiff's motion to reverse, **ECF No. 10,** is **GRANTED**.

2. Defendant's motion to affirm, **ECF No. 14**, is **DENIED**.

3. The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant. Judgment shall be entered for Plaintiff and the file shall be **CLOSED**.

**IT IS SO ORDERED.**

DATED March 31, 2025.



_____
JAMES A. GOEKE
UNITED STATES MAGISTRATE JUDGE